UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Carmaleda Ward,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Aventa Health LLC,
d/b/a Aventa Health

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Carmaleda Ward and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Aventa Health, LLC, d/b/a Aventa Health, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Carmaleda is a resident of Broward County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Aventa Health, LLC, d/b/a Aventa Health (from now on Aventa Health, or Defendant) is a Foreign Limited Liability Company authorized to perform business In

Florida. Defendant has a place of business in Broward County within this Honorable Court Jurisdiction. Defendant Aventa Health was and is engaged in interstate commerce.

4. Defendant Aventa Health was and is now the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Carmaleda Ward as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2022, (the "material time") without being adequately compensated.

7. Defendant Aventa Health is a health care insurance marketplace or agency selling affordable health insurance plans under the 2023 Affordable Care Act, also known as the "Obamacare Act."

8. The Employer, Aventa Health, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a health insurance marketplace selling affordable health insurance plans. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant

uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce, selling insurance policies for companies operating across interstate lines. Plaintiff regularly used the mail and other channels and instrumentalities of interstate commerce. Therefore, there is FLSA individual coverage.

10. Defendant Aventa Health employed Plaintiff Carmaleda Ward as a non-exempted, full-time employee from or about July 12, 2022, to January 5, 2023, or 25 weeks.

11. Plaintiff was hired as a full-time inside sales employee. Plaintiff sold health insurance policies over the phone. Plaintiff worked at Defendant's office located at 3111 N. University DR, Suite 310, Coral Springs, FL 33065. Plaintiff was paid a salary of $800.00 weekly plus commissions which changed week to week.

12. While Plaintiff was employed by Defendant, she had a mandatory regular schedule. Plaintiff worked weeks of five and six days per week. During her employment, Plaintiff worked as follows:

13. <u>1.-From July 12, 2022, to October 31, 2022, or 16 weeks (3 months)</u>, Plaintiff worked Monday to Friday, from 9:00 AM to 6:00 PM (9 hours), or a total of 45 hours weekly.

14. Every month, in addition to her regular schedule from Monday to Friday, Plaintiff worked 3 Saturdays from 9:00 AM to 3:00 PM (6 hours).

15. Thus, in this period, Plaintiff worked 7 weeks of 45 hours and 9 weeks of 51 hours.

16. 1.- From November 01, 2022, to January 5, 2023, or 9 weeks (2 months), Plaintiff worked from Monday to Friday, 9:00 AM to 8:PM (11 hours), or a total of 55 hours weekly.

17. Every month, in addition to her regular schedule from Monday to Friday, Plaintiff worked 3 Saturdays from 10:30 AM to 5:00 PM (6.5 hours).

18. Thus, in this period, Plaintiff worked 3 weeks of 55 hours and 6 weeks of 61.5 hours.

19. During her two periods of employment, Plaintiff did not take bonafide lunchtime hours.

20. Plaintiff always worked more than 40 hours weekly, but she was not paid for overtime hours.

21. Plaintiff clocked in and out, and Defendant was in absolute control of her schedule and activities. Defendant knew about the number of hours that Plaintiff and other similarly situated individuals were working.

22. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

23. Plaintiff was paid weekly by direct deposits without paystubs providing accurate information about the number of hours worked,k wage rate paid, commissions paid, employee taxes withheld etc.

24. Defendant fired Plaintiff on or about January 5, 2023.

25. Plaintiff is not in possession of time and payment records, but she will provide an estimate of her unpaid overtime hours based only on her weekly salary. Plaintiff will amend her statement of claim to include commissions in her regular wage rate after discovery.

26. Plaintiff Carmaleda Ward seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every insurance sales employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

30. Plaintiff Carmaleda Ward re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. Defendant Aventa Health employed Plaintiff Carmaleda Ward as a non-exempted, full-time employee from or about July 12, 2022, to January 5, 2023, or 25 weeks.

32. Plaintiff was hired as a full-time inside sales employee. Plaintiff sold health insurance policies over the phone. Plaintiff worked at Defendant's office located at 3111 N. University DR, Suite 310, Coral Springs, FL 33065.

33. Plaintiff was paid a salary of $800.00 weekly plus commissions which changed week to week.

34. While Plaintiff was employed by Defendant, she had a mandatory regular schedule. Plaintiff worked weeks of five and six days per week. During her employment, Plaintiff worked as follows:

35. **1.-From July 12, 2022, to October 31, 2022, or 16 weeks (3 months)**, Plaintiff worked this period 7 weeks of 45 hours and 9 weeks of 51 hours.

36. **1.- From November 01, 2022, to January 5, 2023, or 9 weeks (2 months)**, Plaintiff worked in this period, 3 weeks of 55 hours and 6 weeks of 61.5 hours.

37. During her two periods of employment, Plaintiff did not take bonafide lunchtime hours.

38. Plaintiff always worked more than 40 hours weekly, but she was not paid for overtime hours.

39. Plaintiff clocked in and out, and Defendant was in absolute control of her schedule and activities. Defendant knew about the number of hours that Plaintiff and other similarly situated individuals were working.

40. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Plaintiff was paid weekly by direct deposits without paystubs providing accurate information about the number of hours worked,k wage rate paid, commissions paid, employee taxes withheld, etc.

42. Defendant fired Plaintiff on or about January 5, 2023.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and

custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

44. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

46. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. Total amount of alleged unpaid O/T wages:

    Two Thousand Two Hundred Fifty-Five Dollars and 62/100 ($2,255.62)

    b. Calculation of such wages:

    Total period of employment: 25 weeks
    Relevant weeks of employment:  25 weeks
    Paid weekly: $800.00

**1.-Overtime from July 12, 2022, to October 31, 2022, or 16 weeks (3 months)**,

   i. Overtime for 7 weeks with 45 hours
   Relevant number of weeks: 7 weeks
   Number of days worked: 5 days weekly
   Total number of hours weekly: 45 hours
   Total number of unpaid O/T hours: 5 hours per week
   Paid weekly; $800.00: 45 hours = $17.78
   Regular rate: $17.78 x 1.5=$26.67 an hour-$17.78 rate paid=$8.89
   Half-time rate: $8.89 an hour

   $8.89 x 5 O/T hours=$44.45 weekly x 7 weeks=$311.15

   ii. Overtime for 9 weeks with 51 hours

   Relevant number of weeks: 9 weeks

Number of days worked: 6 days weekly
Total number of hours weekly: 51 hours
Total number of unpaid O/T hours: 11 hours per week
Paid weekly; $800.00: 51 hours = $15.69
Regular rate: $15.69 x 1.5=$23.54 an hour-$15.69 rate paid=$7.85
Half-time rate: $7.85 an hour

$7.85 x 11 O/T hours=$86.35 weekly x 9 weeks=$777.15

Total i and ii: $1,088.30

**1.-Overtime from November 1, 2022, to January 5, 2023, or 9 weeks (2 months)**,

    i.    Overtime for 3 weeks with 55 hours

Relevant number of weeks: 3 weeks
Number of days worked: 5 days weekly
Total number of hours weekly: 55 hours
Total number of unpaid O/T hours: 15 hours per week
Paid weekly; $800.00: 55 hours = $14.55
Regular rate: $14.55 x 1.5=$21.83 an hour-$14.55 rate paid=$7.28
Half-time rate: $7.28 an hour

$7.28 x 15 O/T hours=$109.20 weekly x 3 weeks=$327.50

    ii.    Overtime for 6 weeks with 61.5 hours

Relevant number of weeks: 6 weeks
Number of days worked: 6 days weekly
Total number of hours weekly: 61.5 hours
Total number of unpaid O/T hours: 21.5 hours per week
Paid weekly; $800.00: 61.5 hours = $13.01
Regular rate: $13.01 x 1.5=$19.52 an hour-$13.01 rate paid=$6.51
Half-time rate: $6.51 an hour

$6.51 x 21.5 O/T hours=$139.97 weekly x 6 weeks=$839.82

Total i and ii: $1,167.32

<u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.[1]

47. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendant Aventa Health willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Carmaleda Ward and those similarly situated respectfully request that this Honorable Court:

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her right to amend the calculations. Plaintiff's commissions are not included in her regular rate. Plaintiff will amend her SOC to include commissions earned.

A. Enter judgment for Plaintiff Carmaleda Ward and other similarly situated individuals and against Defendant Aventa Health based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Carmaleda Ward actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Carmaleda Ward demands a trial by a jury of all issues triable as of right by a jury.

Date: January 31, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*