IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-60175-ALTMAN/Hunt

CARMALEDA WARD,

    Plaintiff,

vs.

AVENTA HEALTH, LLC,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Carmaleda Ward and Defendant, AVENTA HEALTH, LLC (collectively "the Parties"), jointly request that this Honorable Court approve the Parties' settlement of the above-captioned matter and dismiss this matter with prejudice. A copy of the settlement agreement between the Parties is attached as Exhibit "A."

**I.**     **Legal Principles and Settlement**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA may be settled and released. First, section 216(c) of the FLSA allows plaintiffs to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the plaintiff is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an alleged employee or former employee against an employer under Section 216(b) of the FLSA, the plaintiff may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a

stipulated judgment approving the fairness of the settlement. *Id*.; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee's FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of this case involves circumstances in which the Court may approve the Parties' settlement. The proposed settlement arises out of an action brought by the Plaintiff against her an alleged employer, which is adversarial in nature (including as to whether an employment relationship even exists). During the litigation and negotiation of the settlement of this action, Plaintiff and Defendant were both represented by counsel experienced in FLSA matters.

The Parties agree that the instant action involves disputed issues. Such issues included whether the Defendant was the proper party to be sued, whether Plaintiff was properly categorized as an independent contractor by the entity that actually contracted for her services and, if not, whether Plaintiff would correctly be categorized as exempt and, if not, the extent to which Plaintiff is owed compensation and whether liquidated damages were appropriate against Defendant.

Plaintiff maintains that she was improperly classified as an independent contractor while performing sales for Defendant. Defendant denies that it was the entity that contracted with, or otherwise employed Plaintiff. Defendant further maintains that if it did employ Plaintiff, Plaintiff is exempt from the FLSA overtime requirements as she qualified for the retail sales exemption. Plaintiff disputes Defendant's position.

It is the Parties' contention that in light of the issues in dispute and Plaintiff's representations in her Statement of Claim, this is a fair and reasonable settlement and should be approved by the Court. There was no fraud or collusion behind the settlement. Furthermore, additional litigation of this matter would have required the Parties to expend significant resources in discovery and the preparation of dispositive motions and/or trial. Counsel for each of the Parties agreed that the proposed settlement is fair in light of the contested issues in this case. Counsel for each of the parties affirm the above summary, which the Court can use to determine the fairness of the proposed settlement.

The Plaintiff in this matter will recover a total amount of $2,255.62 for her FLSA claims. Plaintiff's counsel will recover $4,297.00 in fees and costs in connection with this lawsuit. Plaintiff's counsel represents that such recovery represents a discount from the overall fees and costs expended in this matter.

The parties agree this is a fair and reasonable settlement of Plaintiff's claim with the disputed issues and facts in the case and represents a reasonable compromise of the Plaintiff's FLSA claims. The Parties negotiated the damages, fees, and costs separately so this Court should approve the settlement. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

**WHEREAS,** for the reasons more fully explained herein, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot.

| | |
|---|---|
| ***/s/Zandro E. Palma*** | */s/ Bayardo E. Alemán* |
| Zandro E. Palma, Esq. | Bayardo E. Alemán, Esq. |
| Florida Bar No. 24031 | Florida Bar No. 28791 |
| ZANDRO E. PALMA, P.A. | PERERA ALEMAN |
| 9100 S Dadeland Blvd., Suite 1500 | 2030 S Douglas Rd., Suite 203 |
| Miami, Florida 33156 | Coral Gables, Florida 33134 |
| Tel: (305) 446-1500 | Tel: 786-485-5232 |
| Email: zep@thepalmalawgroup.com | Email: bayardo@pba-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and that the foregoing documents being served this day on all counsel or parties of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: */s/ Bayardo E. Alemán*
    Bayardo E. Alemán, Esq.